IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RANDY DESHAWN DUNCAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-129 |
| | ) | (Formerly CR 108-063) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institute in Bennettsville, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

**I.     BACKGROUND**

On May 8, 2008, the grand jury in the Southern District of Georgia charged Petitioner with robbery of a commercial business, using, carrying, and brandishing a firearm during a crime of violence, felon in possession of a firearm, and possession of an unregistered firearm. United States v. Duncan, CR 108-063, doc. no. 1 (S.D. Ga. May 8, 2008) (hereinafter "CR 108-063"). On July 7, 2014, Petitioner, represented by retained counsel Travers Chance, pled guilty to Count Two of the indictment—using, carrying, and

brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Id., doc. nos. 31, 32. In exchange for Petitioner's guilty plea, the government agreed to dismiss the remaining counts. Id., doc. no. 32, pp. 1-3. By pleading guilty, Petitioner admitted the factual basis for his conviction. Id. at 4-5.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). The PSI explained, pursuant to U.S.S.G. § 2K2.4(b), "the guideline term of imprisonment is the minimum term required by statute, [which is] 120 months." PSI ¶ 39. United States District Judge J. Randal Hall sentenced Petitioner to a total term of imprisonment of 140 months, and the Court entered a judgment on November 20, 2008. CR 114-030, doc. no. 37.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed two motions requesting the Court appoint counsel to address his potential claims. (Doc. nos. 39, 40.) The Court characterized these motions as a § 2255 petition and instructed Petitioner to respond within thirty days indicating whether he wished to withdraw the motion or whether he

wished to amend the motion to assert any other § 2255 claims. (Doc. no. 41.) The Court also instructed the Clerk to docket the motion in a new civil action with a *nunc pro tunc* filing date of May 13, 2016. (Id.) Petitioner filed a new motion to vacate under § 2255 on the correct form on August 4, 2016, with a *nunc pro tunc* date of May 13, 2016, arguing Johnson and Welch apply to his case because "he wasn't violent in any way." (Doc. no. 1, p. 4.) Petitioner contends he is therefore entitled to some unspecified form of relief. (Id.) As discussed below, Petitioner was properly sentenced under 18 U.S.C. § 924(c), and Johnson and Welch do not apply.

## II. DISCUSSION

Petitioner was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii) by using, carrying, and brandishing a firearm during a crime of violence. CR 108-063, doc. no. 1, 37. Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during an in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

- (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

- (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

3

The Eleventh Circuit has not decided whether Johnson applies to § 924(c) by invalidating sentences which relied on § 924(c)(3)(B)'s residual clause. In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016). However, the Eleventh Circuit has noted that the ACCA's residual clause and the § 924(c)(3)(B) residual clause have differing language and statutory purpose. In re Colon, 826 F.3d 1301, 1304 (11th Cir. 2016).

Although whether Johnson applies to § 924(c)'s residual clause is an open question, the Eleventh Circuit has determined that a Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). In re Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016). Furthermore, the Eleventh Circuit has held a "conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense." United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005). Rather, the predicate offense only must "be one that 'may be prosecuted.'" Id.

Petitioner plead guilty to Count Two of the indictment—using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). CR 108-063, doc. nos. 31, 32. In exchange, the government agreed to dismiss the count charging Hobbs Act robbery. Id., doc. no. 32. In his plea agreement, however, Petitioner admitted to the factual basis and essential elements of the § 924(c) offense, which includes the Hobbs Act robbery predicate. Id. at 4-5 ("The defendant understands that Count 2 of the Indictment charges that . . . **RANDY DESHAWN DUNCAN,** did knowingly use, carry, and brandish a firearm . . . during and in relation to a crime of violence, that is, interference with commerce by robbery, a violation of Title 18, United States Code, Section 1951, . . . and that the defendant's guilty plea constitutes proof as to that count."). Consequently, even if Johnson invalidates § 924(c)'s residual clause in 18 U.S.C. § 924(c)(3)(B), Petitioner satisfied the use-of-force clause in 18 U.S.C. §

4

924(c)(3)(A) based on the predicate offense of Hobbs Act robbery.  See Frye, 402 F.3d at 1127 (Petitioner "properly convicted of violating section 924(c)(a) despite that he was not convicted of the predicate offense . . . ."); Johnson v. United States, No. CV 416-228, CR 414-346, 2016 WL 4445763, at *3 (S.D. Ga. Aug. 22, 2016) (plea to §924(c) offense included admission of drug trafficking offense predicate); see also In re Fleur, 824 F.3d at 1341(conviction for Hobbs Act robbery falls under use-of-force clause).  Accordingly, Johnson does not provide Petitioner with relief and his motion is subject to dismissal.

### III.   CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA